## TOWN OF DURHAM *plaintiff in error, vs.* BENJAMIN THOMPSON.

A writ of error does not lie upon process before the court of common pleas, to procure an abatement of taxes under the statute of Feb. 8, 1791. The court will not quash proceedings upon a writ of error.

THIS was a writ of error brought to reverse certain proceedings of the court of common pleas in this county, in which the said court, had upon the petition of the defendant in error, made an abatement in certain taxes assessed upon him, by the town of Durham. The petition and proceedings were founded upon the statute of February 8, 1791, section 5.(1)

(1) 1 N. H. Laws 259.

*Mason*, of counsel for the defendant, moved the court to quash the writ in this case, as having issued improvidently, a *certiorari*, and not a writ of error, being the proper process in a case of this kind.

*Ichabod Bartlett*, for the plaintiff, admitted that a writ of error did not lie, but contended that as the record was before the court, the proceedings might nevertheless be quashed, if found to be irregular.

*By the court.* It is very clear that in this case, we can only affirm or quash the proceedings of the court below; of course a writ of error does not lie. But it is said that as the record is now before us, we may proceed to quash the proceedings. This is undoubtedly true; but we see no reason why we should give any countenance whatever to an irregularity of this kind. It is true that when the distinction between a writ of error, and a *certiorari*, was first taken by the supreme court of Massachusetts, they sometimes proceeded to quash proceedings, which were irregularly before them on a writ of error. This was without doubt very proper upon a sudden change of practice, but is now no longer done there. In this state, the distinction between a writ of error and a *certiorari*, is now very well understood, there is therefore no ground for such an indulgence.

*Writ of error quashed.*